IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-926-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRIAN ANDREW GADSON | ) | |
| _____ | ) | |
| | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No. 211) is denied. Amendment 750 has no impact on the defendant's guideline range because his sentence was enhanced as the defendant is a career offender under U.S.S.G. § 4B1.1. Although the government withdrew one of the felonies of his sentencing enhancement under 28 U.S.C. § 851, that only reduced his statutory range from Life to 240 months—the statutory mandatory minimum. The defendant received a further sentence reduction from 240 to 216 months after the court granted the government's motion under Rule 35(b). Amendment 750 reduced the base offense levels for crack cocaine trafficking crimes, but it did not reduce the offense level for

a career offender subject to a mandatory minimum sentence. For that reason, Amendment 750 does not lower the defendant's guidelines range, so the district court is not authorized to reduce his sentence under § 3582(c)(2).

    IT IS SO ORDERED.

August 27, 2012　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　United States District Judge